# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
## (Richmond Division)

| | |
|---|---|
| SHENANDOAH MANUFACTURING PARTNERS, LLC, </br></br>WTB CONSULTING, INC., </br></br>WILLIAM BAILEY, </br></br>AORTA MEDICAL, INC., and </br></br>BRIAN FORTIER </br></br>    Plaintiffs, </br></br>v. </br></br>AMERICAN INTERNATIONAL HEALTHCARE GROUP, and </br></br>MICHAEL GREENWAY </br></br>    Defendants. | Civil Action No.: 3:23-cv-455 |

## COMPLAINT

Shenandoah Manufacturing Partners, LLC ("SMP"), WTB Consulting, Inc. ("WTB"), William Bailey, Aorta Medical, Inc. ("Aorta"), and Brian Fortier (collectively "Plaintiffs") for their Complaint against American International Healthcare Group ("AIHG") and Michael Greenway ("Greenway") allege as follows:

1.    This is a Declaratory Judgment action asking this Court to declare that, contrary to Defendants' assertions and threatened action: Messrs. Bailey and Fortier are proper inventors, have ownership interests in, and thus do not infringe U.S. Patent No. 11,052,269 (the "269 Patent"); WTB and Aorta did not breach and were within their authority under the September 15, 2021 Operating Agreement, and amendments and resolutions thereto to disassociate AIHG

1

as a member; and that Plaintiffs' truthful statements regarding AIHG and Greenway do not constitute libel or defamation under Virginia law.

2. Upset by the decision of the other members of Shenandoah to separate AIHG because of its serious malfeasance and actions, Defendants have threatened to sue Plaintiffs based on the 269 Patent for which Bailey and Fortier are proper inventors and each own a 25% share, for actions proper under the Operating Agreement, and for statements that are not actionable as libel or defamation under Virginia law. There is a justifiable and immediate controversy giving rise to this action.

## PARTIES

3. Plaintiff SMP is a Virginia limited liability company, with a principal place of business located at 6001 Manor Park Terrace, Glen Allen, VA 23059.

4. Plaintiff WTB is a Virginia corporation organized and existing under the laws of Virginia, with a principal place of business located at 6304 Manor Park Way, Glen Allen, Virginia 23059.

5. Plaintiff Bailey is an individual and resident of Glen Allen, Virginia

6. Plaintiff Aorta is a Virginia corporation organized and existing under the laws of Virginia, with a principle place of business located at 6001 Manor Park Terrace Glen Allen, Virginia.

7. Plaintiff Fortier is an individual and resident of Glen Allen, Virginia

8. Defendant AIHG is a Arizona limited liability company, with its principal place of business located in Dewey, Arizona. AIHG was at all relevant times a member of SMP.

9. Defendant Michael Greenway is an individual and resident of Prescott, Arizona, and the principal of AIHG.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction over the federal claims pursuant to 35 U.S.C. §1 et seq., 28 U.S.C. §§ 1331, 1338(a) and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, and has subject matter jurisdiction over the state law claims under 28 U.S.C. §§ 1338(b) and 1367 because such state law claims are joined with and related to claims under the Patent Laws of the United States.

11. This Court has personal jurisdiction over AIHG because it is a member of Shenandoah and subject to jurisdiction where any other member resides. There is also personal jurisdiction over Defendants because these causes of action arise as a result of their actions in and doing and transacting business in this district, and acting as part of AIHG including Greenway's frequent travel to, routine meetings in and communications with the other members of Virginia.

12. Venue is proper within the Eastern District of Virginia pursuant to 28 U.S.C. § 1391(a), (b) and (c). Additionally, venue is proper in this District pursuant to 28 U.S.C. § 1400.

## FACTS

*The Formation and Ownership Interests of Shenandoah*

13. Pursuant to the September 15, 2021 Operating Agreement, Bailey, Aorta and AIHG formed SMP to engage in the manufacturing, marketing, and distribution of personal protective equipment ("PPE") and other goods or services as agreed upon by the Members (the

"Business"). Pursuant to the Operating Agreement, the Members designated managers with Greenway managing R&D and patent development, but with input from Bailey and Fortier regarding the management of the manufacture of products.

14. Subsequently, the Members entered a First Amended and Restated Operating Agreement, effective June 1, 2023 ("Amended Operating Agreement") that incorporated the following changes as authorized by the majority vote on the initial executed Resolution: replaced Bailey with his company WTB as a Member; named Bailey, in his position in WTB as the Managing Member of SMP; ratified Bailey's actions on behalf of SMP as an individual up to the date of his replacement with WTB; and allowed Bailey on behalf of SMP to sign amendments to the Operating Agreement that would effect Resolutions authorized by a majority of Members.

15. The Amended Operating Agreement is governed by and shall be construed in accordance with the law of the Commonwealth of Virginia.

16. Pursuant to the Amended Operating Agreement, the profits and losses of Shenandoah were allocated among the Members on the basis of the Members' Interest in the Company, which was defined as 33.33% with a Capital Contribution of 1/3 of the total value of the 269 Patent.

17. Pursuant to the original Operating Agreement and Amended Operating Agreement, the members agreed to retain their individual ownership of certain intellectual property rights, including to the 269 Patent, equally to Bailey, Fortier and Greenway until such time SMP buys the rights to such intellectual property.

18. In the Amended Operating Agreement, each Member agreed to irrevocably waive any right it may have to demand any distributions or withdrawal of property from Shenandoah or to maintain any action for dissolution or partition of the property of Shenandoah. Further, the

Managers were to act as a group and had no authority to act individually, except within their designated roles.

19. Throughout the course of the development of the 269 Patent and applications, Bailey and Fortier made contributions by providing designs, iterations, information and improvements to what became the 269 Patent ("Contributions") based on information learned from the market.

20. For example, following interviews with various healthcare professionals, Bailey and Fortier identified certain designs and improvements in the shape, size, and other aspects of protective face masks that were then incorporated into the disclosure made as part of at least the application underlying the 269 Patent.

21. Such Contributions were also included and made part of the claims of the application underlying the 269 Patent, and remain in the claims that issued with the 269 Patent.

22. As such, Bailey and Fortier are properly identified as inventors along with Greenway and Thornhill for the 269 Patent.

23. At no time between when they were listed as inventors on the provisional patent application in May of 2020 (U.S. Provisional Patent Application No. 63/018,580) and the filing of the utility patent application (U.S. Patent App. No. 17/015,869) in August 2020, did Greenway or AIHG complain that Bailey or Fortier were not proper inventors to the 269 Patent.

24. Further at no time after filing the application underlying the 269 Patent and issuance of the 269 Patent in July 2021 did Defendants complain that Bailey and Fortier were not proper inventors. It was not until Defendants were disassociated from SMP in June 2023 that Defendants first alleged improper inventorship.

### *AIHG and Greenway are Disassociated from Shenandoah for Cause*

25. Pursuant to the Amended Operating Agreement, a Member may be terminated per any disassociation events ("Disassociation") including when a Member's employment is terminated for cause. A majority vote from the other members allows a decision to amend, alter or repeal the Articles of Organization as well as for Disassociation.

26. As communicated to Defendants, Greenway acting for AIHG: refused to carry out certain of his duties in connection with a regulatory approval; disallowed access to the company database; created errors in judgment and made decisions that resulted in significant financial loss to Shenandoah; and created problems with an independent contractor of the company and a very important potential business partner. Greenway's actions and inaction were not in the interest of and detrimental to Shenandoah giving cause for termination.

27. On June 6, 2023, the Members entered a Resolution Authorizing Amendments to the Amended Operating Agreement ("June 6 Resolution"). Pursuant to the June 6 Resolution, a Manager may expel a Member for Cause which was defined as: (a.) A Member engaged in wrongful conduct that adversely and materially affected the business of the Company; (b.) A Member willfully and persistently committed a material breach of the Articles of Organization or the Operating Agreement (as may be amended from time to time); and/or (c.) A Member engaged in conduct relating to the business of the Company which makes it not reasonably practicable to carry on the business with that Member. The majority of members, including WTB and Aorta executed the June 6 Resolution.

28. In accordance with the June 6 Resolution, expulsion meant that Shenandoah had no obligation to return such expelled Member's Capital Contribution and that such Member's Interest would revert to Shenandoah and reallocated among the remaining members.

29. On June 20, 2023, the Members were presented with a "Resolution Authorizing the Expulsion of" AIHG and Greenway ("June 20 Resolution"). In the June 20 Resolution, it was determined that, "AIHG and its principal Greenway has not satisfied the requirements or responsibilities ascribed to them by the Second Amended and Restated Operating Agreement, and that further, they have acted in a way that subverts and hinders the goals of SMP." Pursuant to the Resolution, WTB and Aorta found that due to Greenway's conduct, it was not reasonably practical to carry on business with Defendants including repeated and costly failures of purported engineering abilities, inappropriate and wrongful restriction of access to company data and unprofessional conduct with actions against the interests of Shenandoah.

30. The majority of the members, including WTB and Aorta, then voted for expulsion of AIHG and Greenway for cause that would take effect 30 days after adoption or on July 20, 2023.

31. Both the June 6 Resolution and July 20 Resolution were made pursuant to and were not in breach of the Amended Operating Agreement.

32. In response to the Disassociation and vote for resolution, Defendants via counsel sent a July 11, 2023 demand letter, attached hereto at **Exhibit A** (Demand Letter"). In the Demand Letter, counsel for the Defendants demanded that the Members and/or managers of SMP "take immediate corrective action to reverse the unlawful actions taken by SMP" in its various Resolutions and "cease all efforts attempting to terminate the ownership of AIHG from SMP."

33. The Demand Letter asserts a "scheme" to "squeeze out" AIHG that were unauthorized and in breach of the Operating Agreement, and raises claims for breach of contract, breach of fiduciary duty, civil conspiracy, and libel. Further, via the Demand Letter, Defendants assert that Bailey and Fortier are not proper inventors to the 269 Patent and threatens an

7

infringement action to enforce Greenway's "rights under the 269 Patent and [to] seek damages and/or injunctive relief for any violations of his patent rights."

34. The Demand Letter further states that, "Should SMP not take the actions AIHG demands in this letter by July 17, 2023, AIHG will treat that inaction as a refusal of this demand and will proceed with commencing a shareholder derivative litigation on the SMP's behalf to redress the misconduct outlined in this letter."

## COUNT I
### (Declaratory Judgment of Ownership and Non-Infringement of the 269 Patent)

35. Plaintiffs reallege and incorporate herein by reference the allegations contained in paragraphs 1-34 of this Complaint as if set forth in full.

36. Defendants sent the Demand Letter, alleging that Plaintiffs "lack any rights" in the 269 Patent, that Fortier and Bailey are "falsely listed as inventors on the 269 Patent, and that Defendant Greenway intends "to enforce his rights under the 269 Patent and seek damages and/or injunctive relief for any violations of his patent rights."

37. Plaintiffs deny these allegations and assert that inventors Fortier and Bailey are proper inventors of the 269 Patent, are co-owners of the 269 Patent, and therefore cannot infringe the 269 Patent.

38. The U.S. Patent and Trademark Office duly issued the 269 Patent on July 6, 2021.

39. The 269 Patent is valid and legally enforceable.

40. The 269 Patent is presumed valid under the law. 35 U.S.C. § 282.

41. The 269 Patent identifies four inventors on its face: Michael D. Greenway, II; Brian J. Fortier; David Thornhill; and William T. Bailey (collectively, the "269 Patent Inventors").

42. Each of the four 269 Patent Inventors executed a Declaration pursuant to 37 C.F.R. § 1.63 that (1) the inventor was the original joint inventor of the claimed invention in the application underlying the 269 Patent; and (2) that the underlying application was authorized by each inventor to be filed with the Patent Office.

43. The Declarations of each of the 269 Patent Inventors were filed along with the application underlying the 269 Patent on September 9, 2020.

44. The Application Data Sheet submitted with the 269 Patent's underlying application identified all four of the 269 Patent Inventors.

45. All four 269 Patent Inventors executed powers of attorney authorizing practitioners associated with Customer Number 16424 as attorneys of record for the application underlying the 269 Patent.

46. The 269 Patent claims priority to U.S. Provisional Patent Application No. 63/018,580 (the "580 Application"), which includes a Provisional Cover Sheet identifying all four 269 Patent Inventors as inventors.

47. All four 269 Patent Inventors also executed powers of attorney authorizing practitioners associated with Customer Number 16424 as attorneys of record for the 580 Application.

48. All four 269 Patent Inventors reviewed the 269 Patent's underlying application and associated filing materials (including the Application Data Sheet, Powers of Attorney, and Declarations) and approved the materials for filing by the attorney of record.

49. All four 269 Patent Inventors reviewed the 580 Application and associated filing materials (including the Provisional Cover Sheet and Powers of Attorney) and approved the materials for filing by the attorney of record.

50. Inventors Bailey and Fortier made inventive contributions to one or more claims of the 269 Patent, including the Contributions identified hereinabove and reflected in the claims of the 269 Patent. As such, Inventors Bailey and Fortier are properly identified as inventors of the 269 Patent.

51. By virtue of their being co-inventors of the 269 Patent, inventors Bailey and Fortier are co-owners of the 269 Patent, and therefore cannot infringe the 269 Patent.

52. Therefore, for at least the reasons described above, an immediate, real, and justiciable controversy has arisen and exists between Plaintiffs and Defendants concerning ownership and/or infringement of the 269 Patent. In such cases of actual controversy within its jurisdiction, "any court of the United States ... may declare the rights and other legal relations of any interested party seeking such declaration...." 28 U.S.C. § 2201(a).

53. Plaintiffs ask this Court to declare that Bailey and Fortier are proper inventors and owners of the 269 Patent, and that their efforts to commercialize and license the 269 Patent would not infringe Defendants' rights.

## COUNT II
### (Declaratory Judgment of No Breach of Operating Agreement, as Amended, and Resolution)

54. Plaintiffs reallege and incorporate herein by reference the allegations contained in paragraphs 1-53 of this Complaint as if set forth in full.

55. Pursuant to authority vested in the majority of Members, WTB and Aorta acting through Bailey and Fortier properly amended the Operating Agreement and voted via the Resolutions to expel Defendants from SMP.

56. None of Plaintiffs' actions were in breach of the Operating Agreement as amended and the Resolutions thereto that were entered between the parties and on behalf of SMP.

57. Despite these facts, Defendants have claimed that WTB and Aorta's actions via Bailey and Fortier were in breach of the Original Operating Agreement.

58. Defendants' claim of breach and that WTB and Aorta were acting outside their authority or against SMP, creates an immediate and justiciable controversy.

59. In such cases of actual controversy within its jurisdiction, "any court of the United States ... may declare the rights and other legal relations of any interested party seeking such declaration...." 28 U.S.C. § 2201(a). The parties' rights and obligations under the contracts and resolutions between them is uncertain.

60. Plaintiffs respectfully ask this Court to declare that the expulsion of AIHG to occur in the future is within Plaintiffs' authority and does not violate Defendants' rights.

WHEREFORE, Plaintiffs, by counsel, respectfully request entry of an Order:

1) Granting judgment in Plaintiffs' favor on Counts I and II;

2) Declaring that Bailey and Fortier are proper inventors to the 269 Patent and have ownership interests therein;

3) Declaring that Plaintiffs have not and will not breach or exceed their authority granted in the Operating Agreement, as amended to disassociate and expel AIHG and Greenway from SMP

4) Awarding Plaintiffs any damages, legal costs and interests to which they are entitled; and

5) Granting such other relief as the Court may deem appropriate.

This the 14th day of July, 2023.

**SHENANDOAH MANUFACTURING PARTNERS, LLC, WTB CONSULTING, INC., WILLIAM BAILEY, AORTA MEDICAL, INC., and BRIAN FORTIER**

By: /s/ *J.P. McGuire Boyd, Jr.*
J.P. McGuire Boyd, Jr.
Virginia State Bar No. 72753
Counsel for Plaintiff
WILLIAMS MULLEN
200 South 10th Street, Suite 1600
Richmond, Virginia 23219
Telephone: (804) 420-6927
Facsimile: (804) 420-6507
mboyd@williamsmullen.com

Joseph E. Blackburn, III
Virginia State Bar No. 81871
WILLIAMS MULLEN
200 South 10th Street, Suite 1600
Richmond, Virginia 23219
Telephone: (804) 420-6610
Facsimile: (804) 420-6507
jblackburn@williamsmullen.com

Robert C. Van Arnam (*pro hac vice* application pending)
N.C. Bar No. 28838
WILLIAMS MULLEN
P.O. Drawer 1000
Raleigh, NC 27602-1000
Telephone: (919) 981-4055
Facsimile: (919) 981-4300
rvanarnam@williamsmullen.com