**IN THE UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| SHENANDOAH MANUFACTURING PARTNERS, LLC, *et al.*, | ) ) ) | |
| Plaintiffs and Counterclaim Defendants, | ) ) | |
| v. | ) ) | Civil Case No. 1:23-cv-942 |
| AMERICAN INTERNATIONAL HEALTHCARE GROUP, LLC, et al., | ) ) ) | |
| Defendants and Counterclaim Plaintiffs. | ) ) ) | |

**PROPOSED JOINT DISCOVERY PLAN AND RULE 26(f) CERTIFICATION**

Pursuant to Fed. R. Civ. P. 26(f), counsel for Plaintiffs/Counterclaim Defendants, Shenandoah Manufacturing Partners, LLC, WTB Consulting, Inc., Aorta Medical, Inc., William Bailey, and Brian Fortier (collectively, "SMP"), Defendants/Counterclaim Plaintiffs, American International Healthcare Group, LLC and Micharl Greenway II (collectively, "AIHG"), and Third Party Defendant Gavin Law Firm, PLC ("Gavin Law" and together with SMP and AIHG, the "Parties"), met and conferred pursuant to Rule 26(f) to consider the nature and basis of their claims and defenses, the possibilities for promptly settling or resolving the case, to arrange for their exchange or Rule 26(a)(1) disclosures, to discuss any issues with preserving discoverable information, to develop a proposed discovery plan, and to consider trial before a Magistrate.

The Parties submit this Proposed Joint Discovery Plan and Rule 26(f) Certification pursuant to Fed. R. Civ. P. 26(f)(2), Local Civil Rule 26(A) and the Court's Order (ECF No. 50) and, in light of their agreements herein, respectfully request that the Court conduct the Initial Pretrial Conference, scheduled for Wednesday, November 22, 2023 at 11:00 a.m., by telephone.

1

1.      **Initial Meeting**.  Pursuant to the requirements of Fed. R. Civ. P. 26(f), a meeting was held on October 9, 2023, by and between J.P. McGuire Boyd, Jr., counsel for SMP, Michael B. Marion, counsel for AIHG, and Plaintiff, and Brian P. Clarke, counsel for Gavin Law.

2.      **Nature of Claims and Defenses**.  The Parties' claims and defenses are more fully set forth in the SMP's Complaint and in AIHG's Answer and Amended Counterclaim already submitted in this case.  The parties fully understand (though disagree with) each other's respective claims and defenses.

3.      **Possibility of Settlement**. The Parties are open to settlement discussions and believe that a Settlement Conference could be conducted prior to extensive discovery in this case.  In that regard, the Parties respectfully request an in-person settlement conference at the Court's earliest opportunity, subject to the Parties' availability.

4.      **Discovery Plan**.

(a)      Pre-Discovery Disclosures. The Parties have exchanged the information required by Fed. R. Civ. P. 26(a)(1) on or before October 23, 2023.

(b)      Subjects of Discovery. The parties agree that discovery relevant to the claims and defenses contained in the pleadings and within the scope of Rule 26(b)(1) will be appropriate, subject to all objections permitted by the applicable rules.

(c)      Timing of Discovery

Plaintiffs see no reason why discovery cannot be completed by Friday, February 16, 2024.

However, Defendants/Counterclaimants express substantial reservations about completing discovery within the current deadlines. This case presents two substantial issues of representation and privilege that must be resolved before discovery can be completed. First,

Defendants maintain that the dual representation by Gavin Law Offices of SMP and its managers/members presents an insoluble conflict of interest. Fundamental to Defendants' claims is that SMP's managers/members are not operating in the best interest of SMP, warranting the derivate counterclaims. Defendants maintain that SMP must have independent counsel, which will require additional time for this matter.

Furthermore, counsel for Gavin Law Offices has already stated that they object to the production of responsive documents on the grounds of confidentiality and privilege. The need for motion practice around these issues will further delay completion of discovery.

Defendants/Counterclaimants propose that the discovery deadline be extended by three months to May 16, 2024, to afford time to complete these anticipated issues.

(d)    Limitations on Discovery

Plaintiffs see no reason to modify the limitations of discovery provided for by the Federal Rules of Civil Procedure, the Local Rules of the Eastern District of Virginia, or this Court's Order (ECF No. 50).

Defendants/Counterclaim Defendants contend that additional discovery may be required beyond the limitations of the Federal and Local Rules, as well as the Court's Order. Plaintiffs have identified under Rule 26(a)(1)(A) nineteen individuals they contend have discoverable information that Plaintiffs may support their claims and defenses. Presently, without a narrowing or stipulation by the parties, Defendants would be unable to take discovery from all such witnesses,

The Parties agree that all discovery material (including, but not limited to notices of deposition, discovery requests and responses, subpoenas etc.), and other documents not filed with the Court, will be accepted by electronic mail ("E-mail") at the E-mail addresses of all

3

counsel of record for the Parties.  Service by E-mail must be received by 8:00 P.M. Eastern and shall be treated as service by hand delivery.  The Parties agree that any discovery material or documents served by E-mail need not also be served by mail.  If the discovery material or documents are too voluminous to send in one E-mail, the Parties agree that they can be sent by an electronic delivery method sufficient for the other parties to download (e.g., by ftp transfer) or in multiple emails.

(e)  <u>Severing the Patent Infringement Claims</u>

Pursuant to Rules 26(f)(3)(B) and 42(b), Defendants/Counterclaimants propose that this dispute is conducted in two phases. Defendants propose that the claims concerning the portion of Count I of the Complaint seeking a declaratory judgment of non-infringement of U.S. Patent No. 11,052,269 (the "'269 Patent") and Count 8 of the Amended Counterclaim, concerning infringement of the same patent, should be conducted as a separate phase from the remaining claims. Plaintiffs/Counterclaim Defendants do not agree that severing the patent infringement claims is necessary or will result in greater efficiency.

Defendants/Counterclaimants believe that dividing the case into two phases would have significant benefits for both the parties and the conservation of resources of the Court. First, discovery concerning the infringement of the '269 Patent would likely include substantial discovery on the infringing article from Plaintiffs. This discovery has little overlap with the other claims, which generally focus on a corporate dispute. Second, the Plaintiffs' infringement of the '269 Patent will directly depend on Count 9 of the Amended Counterclaim, the correction of inventorship of the '269 Patent. Resolution of the inventorship issue first may, in turn, resolve the patent infringement dispute. Third, dividing the matter may avoid the need for an extensive, separate briefing and hearing on claim construction. Although inventorship issues may depend

on claim construction, it is presently not clear that any claim construction would be needed to resolve this dispute over inventorship.

(f)    Preserving Discoverable Information.  Counsel for the Parties have agreed to inform their respective clients of the obligation to preserve discoverable information during the pendency of this litigation.

(g)    Electronically Stored Information.  The Parties have discussed the preservation and discovery of electronically stored information ("ESI").  If any disagreement arises regarding electronically stored information, the Parties agree to confer in good faith and if unable to reach an agreement, the applicable party shall file a motion in accordance with the Federal Rules of Civil Procedure and this Court's Local Rules.

The parties agree that inadvertent disclosure of material subject to the attorney-client privilege, work product immunity, or any other applicable privilege shall not constitute a waiver of, nor a prejudice to, any claim that such material is privileged, or protected by the work product immunity or any other applicable privilege. Upon discovery of any such inadvertently produced or disclosed material, the producing or receiving party shall promptly provide written notice to the other party. Such inadvertently produced or disclosed material, including all copies thereof, shall be either returned to the producing party or destroyed immediately upon request, and the receiving party shall immediately destroy any notes or other writings or recordings that summarize, reflect or discuss the content of such privileged material. Any receiving party destroying any information contemplated by this paragraph shall provide express written confirmation to the producing party upon such destruction.

Unless otherwise obtained through legitimate means, no use shall be made of such inadvertently produced or disclosed material after a party has knowledge of the material's

5

privileged or protected nature, nor shall such material be shown to anyone who has not already been given access to it. The receiving party may move the Court for an Order compelling production of any inadvertently produced or disclosed material, but the motion shall not assert as a ground the fact of the inadvertent production or disclosure. The party claiming privilege on documents that are the subject of a motion to compel shall provide copies of the documents to the Court for in camera inspection concurrent with the filing of its response to the motion to compel.

All documents originating in electronic form shall be produced in native format. Parties will use some form of labeling in organizing the documents. Although not required, one example is to use Bates numbers preceding the original native filename (i.e., BATES_ORIGINAL FILE NAME.ext). Files shall be collected and produced in a manner so that all original metadata is preserved. The parties agree that documents can be alternatively produced in text-searchable "Portable Document Format" (.pdf).

(h)    Privilege Issues / Protective Order. Pursuant to Fed. R. Civ. P. 26(f)(3)(D), the Parties agreed to abide by Fed. R. Civ. P. 26(b)(5) when asserting and responding to a claim of privilege.  The Parties further agree that it is not necessary to include in the privilege log privileged communications or documents created for, or anticipation of  this action between, on the one hand, (a) counsel of record in this litigation and, on the other hand, (b) the Parties with whom such counsel had an attorney-client relationship at the time of the communication or document.  The Parties agree to waive discovery of communications with expert witnesses engaged to testify at trial and of any draft reports prepared by any such expert.   Except for any relevant documents between Plaintiffs/Counterclaim Defendants and the Gavin Law Offices, the Parties further agree that claims of privilege that apply to documents or information created after

the date on which the Complaint was filed need not be logged.

The Parties agree that a Protective Order will be needed to govern the protection of business, trade secrets, intellectual property, personal health information, personally identifiable information, and other confidential information, and will submit for consideration a Proposed Consent Protective Order for the Court's consideration.   Parties anticipate submitting a draft Consent Protective Order for consideration by the Court on or before November 30, 2023.

(i)    Expert Witnesses.  Plaintiffs propose the following schedule for their expert witness disclosures as provided by the Federal Rules of Civil Procedure and Orders of this Court:

Party with the burden: December 18, 2023

Party without the burden: January 17, 2024

Rebuttal: February 1, 2024

Defendants propose the following deadlines, given the proposed modification to the discovery deadline:

Party with the burden: March 18, 2023

Party without the burden: April 17, 2024

Rebuttal: May 1, 2024

(j)    Motions in Limine.  Motions in limine shall be filed thirty (30) days prior to the trial date, or as otherwise ordered by the Court.

k)    The Parties agree that a party's agreement to the deadlines and limitations stated in this plan is without prejudice to its right to seek modification of the plan and pretrial schedule pursuant to Rules 16 and 26.

5.    **Trial by Magistrate.**  The Parties do not consent to have the trial conducted by

7

the Magistrate Judge.

Respectfully submitted,

**SHENANDOAH MANUFACTURING PARTNERS, LLC, WTB CONSULTING, INC., WILLIAM BAILEY, AORTA MEDICAL, INC., and BRIAN FORTIER**

By: /s/ *J.P. McGuire Boyd, Jr.*
J.P. McGuire Boyd, Jr.
Virginia State Bar No. 72753
WILLIAMS MULLEN
200 South 10th Street, Suite 1600
Richmond, Virginia 23219
Telephone: (804) 420-6927
Facsimile: (804) 420-6507
mboyd@williamsmullen.com

Robert C. Van Arnam (admitted *pro hac vice*)
Andrew Robert Shores (admitted *pro hac vice*)
WILLIAMS MULLEN
P.O. Drawer 1000
Raleigh, NC 27602-1000
Telephone: (919) 981-4055
Facsimile: (919) 981-4300
rvanarnam@williamsmullen.com
ashores@williamsmullen.com
*Counsel for Counterclaim Defendants*

**AMERICAN INTERNATIONAL HEALTHCARE GROUP, LLC, Individually and on behalf of SHENANDOAH MANUFACTURING PARTNERS, LLC, Derivatively, AND MICHAEL GREENWAY II**

By: /s/ *Michael B. Marion*
Michael B. Marion
Virginia State Bar No. 77025
7220 N. 16th Street, Suite H
Phoenix, Arizona 85020
Telephone: (602) 944-2277
michael@bycermarion.com

**GAVIN LAW OFFICES, PLC**

/s/ *Brian P. Clarke*
Jeffrey H. Geiger (VSB No 40163_
Brian P. Clarke (VSB No. 96920)
Sands Anderson PC
2400 Bank of America Plaza
1111 East Main Street
P.O. Box 1998
Richmond, Virginia 23218-1998
Phone: (804) 783-7248
Facsimile: (804) 783-7291
jgeiger@sandsanderson.com
bclarke@sandsanderson.com

8

**CERTIFICATE OF SERVICE**

I hereby certify that on the 15th day of November 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Michael B. Marion
BYCER & MARION
7220 N. 16th Street, Suite H
Phoenix, Arizona 85020
michael@bycermarion.com
*Counsel for Counterclaim Plaintiffs*

Jeffrey Hamilton Geiger
Sands Anderson PC
1111 E Main Street
Bank of America Center Suite 2400
P O Box 1998
Richmond, VA 23218-1998
jgeiger@sandsanderson.com
*Counsel for Gavin Law Offices, PLC*

By: /s/ *J.P. McGuire Boyd, Jr.*
J.P. McGuire Boyd, Jr. (VSB No. 72753)
WILLIAMS MULLEN
200 South 10th Street, Suite 1600
Richmond, Virginia 23219
Telephone: (804) 420-6927
Facsimile: (804) 420-6507
mboyd@williamsmullen.com

9